United States v. Cleveland Valentine

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of October, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

United States of America,

> *Appellee,*

> v.                                              10-1804

Cleveland Valentine,

> *Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT:        JULIA PAMELA HEIT, New York, New York.

**FOR APPELLEE:**                    STEPHAN J. BACZYNSKI,
                                     Assistant United States
                                     Attorney <u>for</u> William J.
                                     Hochul, Jr., United States
                                     Attorney for the Western
                                     District of New York,
                                     Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Cleveland Valentine appeals his conviction for aggravated identity theft, under 18 U.S.C. § 1028A(a)(1), on the ground of insufficient evidence that he knew the Social Security number he used belonged to a real person.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review <u>de novo</u> a challenge to sufficiency of the evidence."  <u>United States v. Naiman</u>, 211 F.3d 40, 46 (2d Cir. 2000).  However, "[w]e will not disturb a conviction on grounds of legal insufficiency of the evidence at trial if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  <u>Id</u>. (internal citations and quotation marks omitted).

In Flores-Figueroa v. United States, 556 U.S. 646 (2009), the Supreme Court held that "§ 1028A(a)(1) requires the Government to show that the defendant knew that the means of identification at issue belonged to another person." Id. at 657. Valentine posits that a reasonable juror could have found that "[a] third party could have directed [Valentine] to use" the fraudulent Social Security information. But Flores-Figueroa does not require the government to dispositively disprove every conceivable explanation supporting innocent use of a fraudulent Social Security number, i.e., use of it without knowing it belonged to a real person. See, e.g., United States v. MacPherson, 424 F.3d 183, 190 (2d Cir. 2005) ("The possibility that inferences consistent with innocence as well as with guilt might be drawn from circumstantial evidence is of no matter to sufficiency analysis because 'it is the task of the jury, not the court, to choose among competing inferences.'") (quoting United States v. Morgan, 385 F.3d 196, 204 (2d Cir. 2004)).

The jury was given instructions as to the § 1028A(a)(1) knowledge requirement, consistent with Flores-Figueroa, and concluded that each of the elements, including the mens rea requirement, was met beyond a reasonable doubt. On Valentine's Rule 29 motion, the district court determined

3

that the jury's inferences were reasonable.  <u>United States v. Valentine</u>, No. 08-cr-6124L, 2010 WL 681237, at *1 (W.D.N.Y. Feb. 24, 2010).  So do we.

Viewing the facts in the light most favorable to the Government, the evidence supports the inference that Valentine knew he was using a real person's Social Security number when he applied for a driver's license renewal in 2005.  A reasonable juror easily could have concluded beyond a reasonable doubt that Valentine knew he needed to use both a real person's birth date as well as his Social Security number to evade the DMV's validation process.  <u>See</u> <u>Castillo v. United States</u>, No. 09-cv-4222(ENV), 2011 WL 4592829, at *10 (E.D.N.Y. Sept. 30, 2011) (defendant's knowledge of computerized border checks permits a reasonable inference that he knew he had to obtain a passport belonging to a real person).

Finding no merit in Valentine's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4